# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00636-CR

**Kenneth Wayne Rickaby, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 13,019, HONORABLE CHARLOTTE HINDS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Kenneth Wayne Rickaby was convicted of possessing less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The trial court assessed punishment at two years in state jail.

At 3:45 a.m. on the day in question, Bastrop County Sheriff's officers responded to a report of a suspicious pickup truck parked in a residential cul-de-sac. According to the report, a man was slumped over the steering wheel of the truck. After locating this vehicle, Deputy Celeste Arriaga attempted to rouse the man by tapping on the window with her flashlight. The man, identified as appellant, eventually responded. Arriaga testified that appellant appeared "dazed and confused," and he "just kind of sat there." Arriaga asked appellant to step out of the truck. As appellant began to comply with this request, Sergeant A. J. Molinari noticed that appellant was trying to conceal a small metal canister under his left thigh.

After appellant got out of the truck, Molinari could see the canister lying in the driver's seat. He asked appellant what was in the canister, and appellant told him that he did not know. Molinari testified that he asked for and was given appellant's consent to open the canister. Inside, the officer found a small plastic bag containing a white powder that proved to be methamphetamine.

Appellant moved to suppress the methamphetamine on the ground that he did not voluntarily consent to the search of the metal canister. The court overruled the motion. Then, after hearing additional testimony, the court adjudged appellant guilty.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 24, 2009

Do Not Publish